# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 20, 2005

## ANDREW CHRISTIAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. GSA 3393     J. Randall Wyatt, Jr., Judge**

---

**No. M2004-02793-CCA-R3-PC - Filed September 7, 2005**

---

The petitioner appeals the denial of his petition for post-conviction relief in which he asserted various instances of ineffective assistance of counsel. Upon review, we conclude that the evidence does not preponderate against the findings of the post-conviction court. Therefore, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Matthew Mayo, Nashville, Tennessee, for the appellant, Andrew Christian.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Michael Rohling, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

The petitioner, Andrew Thomas Christian, was convicted of one count of harassment (a Class A misdemeanor) stemming from a series of phone calls made by the petitioner to the mother of his minor child. As a result, he was sentenced to time served and his parole was revoked. On December 11, 2003, the petitioner filed a *pro se* petition for post-conviction relief, after which counsel was appointed, an amended petition was filed, and an evidentiary hearing was conducted. Following the hearing, the post-conviction court denied the petition by written order. The petitioner timely appeals to this court contending that counsel was ineffective in failing to:

(1)     subpoena his daughter as a witness;
(2)     investigate the State's witnesses; and
(3)     subpoena pertinent phone records.

Following thorough review, we affirm the denial of post-conviction relief.

At the post-conviction hearing, the petitioner testified that counsel represented him in both general sessions and criminal court and that they met two times prior to trial. He stated that he discussed the facts of the case with counsel, but she did not discuss any possible defenses to the charge with him. The petitioner recalled that he felt it important to call his daughter as a witness because she was present with the victim when the phone calls were placed and knew that the petitioner did not threaten the victim. He stated that he expressed to counsel his desire to have his daughter testify, but counsel indicated that she would not be able to testify unless her mother allowed her to do so. Regarding the State's witnesses, the petitioner particularly noted that Isha Fisher and Tameka[1] did not testify in general sessions court but did testify in criminal court. He testified that counsel learned of the witnesses approximately two days prior to the trial in criminal court.

On cross-examination, the petitioner testified that if counsel had investigated the State's witnesses, she would have discovered that he and Tameka had never spoken. He further recalled that counsel told him the State's witnesses were going to testify that they heard the phone message left for the victim. The petitioner noted that he "had discovery, but, there was [sic] no names on [his] discovery" and that counsel sent him copies of motions but did not review them with him.

As the second of two witnesses at the hearing, counsel testified that she had been employed by the Public Defender's Office for a year and a half and that the petitioner's case was her first jury trial. She recalled that Jonathan Farmer, also of the Public Defender's Office, assisted her with the case, ensuring that she filed the proper motions and assisting with trial strategy. Counsel agreed with the petitioner that she met with him twice and further stated that she fully discussed the case with the petitioner. She acknowledged that she became aware of the two witnesses for the State shortly before trial and that she spoke with one of the witnesses in person and one by phone prior to trial. Counsel recalled that the petitioner was concerned about the witnesses, particularly because he did not know them very well. She acknowledged that she discussed the phone records with the petitioner but did not subpoena the records for trial.

Counsel testified that the petitioner's defense was that the phone calls concerned issues of child custody and were not of a harassing nature. She further explained that the petitioner did not deny placing the calls but, rather, disputed the number of calls and their content. Counsel stated that she was aware that the petitioner's daughter had knowledge of the incident but had some trepidation about calling her to testify because of the potential effect it might have had on the jury. Finally, she stated that a police officer was present when the phone calls were made.

On cross-examination, counsel testified that she filed a request for discovery and made the discovery available to the petitioner. She further stated that she filed and argued approximately fourteen motions and that the petitioner was present during all of the motion hearings. Finally, when asked if she did everything necessary to protect the petitioner's rights, she answered, "I did what I needed to do."

---

[1] This witness's last name is not apparent from the record.

<u>Analysis</u>

This court reviews a claim of ineffective assistance of counsel under the standards of <u>Baxter v. Rose</u>, 523 S.W.2d 930 (Tenn. 1975), and <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. <u>Strickland</u>, 466 U.S. at 687, 104 S. Ct. at 2064; <u>Goad v. State</u>, 938 S.W.2d 363, 369 (Tenn. 1996); <u>Butler v. State</u>, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. <u>Goad</u>, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. <u>Baxter</u>, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065; <u>State v. Honeycutt</u>, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." <u>Goad</u>, 938 S.W.2d at 369 (citing <u>Strickland</u>, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Nichols v. State</u>, 90 S.W.3d 576, 587 (Tenn. 2002) (citing <u>Strickland</u>, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. <u>Henley v. State</u>, 960 S.W.2d 572, 579 (Tenn. 1997); <u>Hellard v. State</u>, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner first contends that counsel was ineffective in failing to call his daughter to testify for the defense. We initially note, however, that he failed to present his daughter's testimony at the post-conviction hearing. It is well settled that a petitioner should present the testimony of any witnesses that he or she contends counsel should have called at trial. <u>See</u> <u>Black v. State</u>, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "As a general rule, this is the only way the petitioner can establish that . . . (d) the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." <u>Id.</u> Because his daughter's testimony was not presented at the post-conviction hearing, we are unable to determine whether counsel's omission prejudiced the petitioner in any way.

Moreover, the post-conviction court accredited the testimony of counsel, in which she expressed concern about calling a minor child to testify on behalf of her father and against her mother. The court particularly noted "that the decision to call witnesses is a tactical decision, and [counsel's] decision not to call the Petitioner's daughter as a witnesses [sic] was not unreasonable." We conclude that the evidence does not preponderate against this finding. Therefore, having failed to prove either prejudice or deficient performance by clear and convincing evidence, this claim cannot be sustained.

Next, the petitioner contends that counsel failed to investigate and effectively cross-examine Isha Fisher and Tameka. However, the petitioner again failed to call these witnesses at the post-conviction hearing. Therefore, because we are unaware of the testimony that could have been elicited on cross-examination, we cannot conclude that it would have altered the outcome of the case. As such, the petitioner has failed to prove prejudice.

We further note that counsel testified she was able to speak with both witnesses and discuss the content of their testimony with the petitioner prior to trial. The trial court accredited this testimony and determined that "[counsel] was adequately prepared to cross-examine the State's witnesses, and performed this task well within the range of competence demanded of attorneys in criminal cases." We agree and conclude that the evidence presented does not preponderate against this finding. Therefore, the petitioner has failed to prove that counsel was ineffective in this regard.

Finally, the petitioner contends that counsel was ineffective in failing to subpoena the pertinent phone records. However the post-conviction court noted that:

> [C]ounsel did not subpoena the victim's phone records because Officer Kevin Coleman was present when the Petitioner called the victim, and testified that the Petitioner made the harassing phone calls. The Court is of the opinion that the Petitioner has failed to show any prejudice resulting from the phone records not being obtained, and, therefore, this ground is without merit.

We agree and conclude that the officer's testimony established that the petitioner placed the calls, that the victim received the calls, and that the calls were of a harassing nature. Therefore, the petitioner's case was not prejudiced by the absence of the phone records at trial. As such, this claim of ineffective assistance cannot be sustained.

<u>Conclusion</u>

We affirm the denial of post-conviction relief.

 

 

_____
JOHN EVERETT WILLIAMS, JUDGE